## JOEL HEWES *vs.* ISAAC B. PLATTS.

In an action for goods sold by weight or measure, the burden of proving that the weights or measures were not sealed in the town of the plaintiff's residence, as required by *St.* 1847, *c.* 242, is upon the defendant; and proof that they were not duly sealed in the town of the sale, without also proving that the plaintiff was an inhabitant of that town, will not defeat the action.

ACTION OF CONTRACT on an account annexed for goods sold and delivered in Lynnfield. The case was referred to an auditor, who found for the plaintiff, and that the goods were sold by weight or measure, and that during the years in which they were sold no beam, scales, weights or measures of the plaintiff were tried, sealed or proved by either of the sealers of weights and measures for the town of Lynnfield; and upon these facts submitted to the court the question whether the plaintiff could recover.

At the trial in the court of common pleas, the plaintiff pro-

duced the auditor's report, and the defendant requested the presiding judge to rule that the plaintiff had not made out his case. But *Mellen,* C. J. ruled otherwise, a verdict was taken for the plaintiff, and the defendant alleged exceptions.

· *J. P. Jones,* for the defendant.

*J. A. Gillis,* for the plaintiff.

BIGELOW, J. The plaintiff was clearly entitled to recover. The report of the auditor makes out a good *prima facie* case of sale and delivery of the goods, and of the prices which ought reasonably to be paid therefor. Nor does it disclose that the plaintiff has been guilty of any illegality in the sale of the goods. The finding of the auditor goes no further than to state that the beam, scales, weights and measures of the plaintiff were not sealed by a sealer of weights and measures for the town of Lynnfield during the years when the goods were sold by the plaintiff to the defendant. This fact, of itself, shows no violation of law. The plaintiff was not bound to have his beam, scales, weights and measures sealed by a sealer appointed for the town of Lynnfield, unless he was an inhabitant of such town. *St.* 1847, *c.* 242, § 5. It does not appear, either from the report of the auditor or from the evidence, that the plaintiff was an inhabitant of Lynnfield at the time of the sale of the goods to the defendant. Illegality is not to be presumed. If the defendant relied on it as a ground of defence, it was incumbent on him to prove it.                    *Exceptions overruled.*